IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHELLEY M. FERNEAU, formerly known as SHELLEY M. PINO, | ) ) ) | 4:06CV3300 |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) ) | **AND ORDER** |
| PAPPAS TELECASTING OF CENTRAL NEBRASKA/ PAPPAS TELECASTING OF NEBRASKA, INC., | ) ) ) ) ) | |
| Defendant. | ) | |

The plaintiff, Shelley M. Ferneau, formerly known as Shelley M. Pino (Ferneau), alleges that her employment as a sales executive for the defendant, Pappas Telecasting of Central Nebraska/Pappas Telecasting of Nebraska, Inc. (Pappas), was terminated because she took maternity leave. Ferneau claims Pappas violated (1) the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2619 to 2654, (2) the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev. Stat. §§ 48-1101 to 48-1125, and (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. (The plaintiff's original complaint, filed on December 18, 2006, only contained a FMLA claim. The NFEPA and Title VII claims were added with the filing of an amended complaint on January 5, 2007.)

Pappas has moved to dismiss the state-law count for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In support of its motion, Pappas has filed two documents: (1) "Findings of Fact and Recommended Order and Decision" issued on December 20, 2006, by a hearing examiner for the Nebraska Equal Opportunity Commission (NEOC), recommending dismissal of

Ferneau's administrative complaint, and (2) a "Final Order" issued by the NEOC on January 19, 2007, adopting the hearing examiner's recommendation. In response, Ferneau has filed three documents: (1) a letter prepared by Ferneau's attorney, dated January 5, 2007, advising the NEOC of this action and demanding that administrative proceedings be terminated, (2) a copy of the amended complaint that allegedly was enclosed with the letter, and (3) a "reasonable cause" finding on Ferneau's pregnancy discrimination charge that was issued by the NEOC on March 17, 2006.

Although neither side has objected, none of the documents has been properly authenticated.[1] It is also questionable whether consideration may be given to any of the documents without converting the motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(b) ("If, on a motion asserting a defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material pertinent to such a motion by Rule 56.").[2]

As a matter of law, however, there is no merit to Pappas's contention that a final order issued by the NEOC bars Ferneau from bringing suit for the alleged NFEPA violation. That Act permits an employee who has filed a discrimination charge with the NEOC to bring a lawsuit against her employer "at any stage of the

---

[1] "Any documents filed with the [evidence] index must be identified and authenticated by affidavit. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated therein, and identify the motion in connection with which the affidavit is filed." NECivR 7.1(a)(2)(C) & 7.1(b)(2)(C).

[2] The mere filing of such evidence does not automatically convert the motion to dismiss into a motion for summary judgment. See State ex rel. Nixon v. Coeur D'Alene Tribe,164 F.3d 1102, 1107 (8th Cir. 1999).

proceedings prior to dismissal." Neb. Rev. Stat. Ann. § 48-1119(4) (LexisNexis Cum. Supp. 2006). Effective August 31, 2003, the Act was amended to provide:

> The deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the commission will take on the complaint or charge. When entering the last action on the complaint or charge, the commission shall issue written notice of such ninety-day deadline to the complainant by certified mail, return receipt requested. The last action on the complaint or charge includes the issuance of the final order after hearing, the determination of reasonable cause or no reasonable cause, and any other administrative action which ends the commission's involvement with the complaint or charge.

Neb. Rev. Stat. Ann. § 48-1120.01 (LexisNexis Cum. Supp. 2006).

It must be inferred from § 48-1120.01 that the NEOC does not "dismiss" a claim for purposes of § 48-1119(4) until at least 90 days have elapsed after the claimant's receipt of the NEOC's notice of its "last action," which is defined to include "the issuance of the final order after hearing." See Ollis v. Hearthstone Homes, Inc., No. 8:05CV119, 2006 WL 300617, *7 (D. Neb. Feb. 8, 2006) (Smith Camp, J.) (construing sections 48-1119(4) and 48-1120.01). See also Adams v. Tenneco Automotive Operating Co., Inc., 358 F. Supp. 2d 878, 881 n. 6 (D. Neb. 2005) (Kopf, J.) (discussing the 90-day notice requirement).

While Pappas argues that common law principles of collateral estoppel, res judicata, and waiver require dismissal of the second count of Ferneau's amended complaint, see, e.g., Scott v. Mattingly, 488 N.W.2d 349 (Neb. 1992) (civil rights action precluded by agency determination), the statutes provide otherwise.[3] Because

---

[3] I do not consider whether Pappas can prove the essential elements of any common law rule of preclusion because (1) the statutes are controlling of the issue presented and (2) I decline to consider any matters outside the pleadings.

Ferneau's amended complaint was filed even before the NEOC allegedly issued its final order, Pappas's motion to dismiss must be denied.

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss (filing 10) is denied.

March 23, 2007.                             BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge