```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| SHELLEY M FERNEAU, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3300 |
| | ) | |
| v. | ) | |
| | ) | |
| PAPPAS TELECASTING OF CENTRAL | ) | MEMORANDUM AND ORDER |
| NEBRASKA/PAPPAS TELECASTING | ) | |
| OF NEBRASKA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The defendants have filed a motion for an order compelling the plaintiff to serve her Rule 26(a) mandatory disclosures, and for recovery of their attorney fees incurred in filing this motion. Filing 24. The parties have submitted the following evidence on defendants' motion to compel:

- The parties were ordered to serve their Rule 26(a) mandatory disclosures by March 26, 2007. See filing 19, ¶ 2.

- The defendants sent a letter to plaintiff's counsel on April 6, 2007 requesting plaintiff's disclosures as soon as possible. Filing 25 (Schultz affidavit), ¶ 3 & ex. A.

- Plaintiff's counsel received the August 6, 2007, and on April 20, 2007, prepared the plaintiff's Rule 26(a) disclosures. She believes she sent them to defense counsel that day. Filing 26 (Shiffermiller affidavit), ¶ 4.

- Defense counsel contacted plaintiff's counsel by telephone on May 1, 2007, and being advised the plaintiff's counsel was in conference and unavailable, left a voice message requesting immediate production of the plaintiff's Rule 26(a) disclosures. Plaintiff's counsel did not respond to this voice mail. Filing 25 (Schultz affidavit), ¶ 4 & ex. B. She does not remember receiving the voice mail. Filing 26 (Shiffermiller affidavit), ¶ 5.

- In an attempt to be prepared for the planning conference previously scheduled for June 11, 2007, defendant Pappas served discovery requests on May 2, 2007 to obtain the information plaintiff was obligated to disclose under Rule 26(a).  Filing 33 (Schultz affidavit).

- The defendant's motion to compel Rule 26(a) disclosures and request for sanctions was filed on May 22, 2007.  Filing 24.  After receiving the motion to compel, plaintiff's counsel sent an email to defense counsel stating she believed the Rule 26(a) disclosures were served on April 20, 2007.  The disclosures were also emailed to defense counsel that day.  Filing 26 (Shiffermiller affidavit), ¶¶ 6, 9 & exs. A & B.  Defense counsel did not respond to the email.  Filing 26 (Shiffermiller affidavit), ¶ 6.

- Plaintiff's counsel called defense counsel on June 4, 2007 and left a voice mail.  Defense counsel returned this call after business hours.  Filing 26 (Shiffermiller affidavit), ¶ 7.

- On or about June 11, 2007, plaintiff's counsel contacted the court and orally moved to continue the planning conference.  This oral motion was unopposed.  The planning conference was continued to June 27, 2007.  Filing 28.  During the planning conference, the parties confirmed that their mandatory disclosures have been exchanged.

- An administrative hearing occurred on this case prior to filing suit, and the plaintiff responded to defendant's discovery during that hearing process.  Filing 26 (Shiffermiller affidavit), ¶ 8.

The parties have now exchanged their mandatory disclosures.  Therefore, the only issue remaining on defendants' discovery motion is whether the defendants should be awarded the attorney fees they incurred in filing a motion to compel.

Pursuant to Nebraska Civil Rule 7.1(i):

> [T]his court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord.

NeCivR 7.1(i).  Personal consultation is defined as "person-to-person conversation, either in the physical presence of each counsel or on the telephone."  NeCivR 7.1(i)(1).  Exchanging letters, faxes, voice mail messages, or e-mails between or among counsel may constitute personal consultation if the moving party shows that "person-to-person conversation was attempted by the moving party and thwarted by the non-moving party."  NeCivR 7.1(i)(1).

The parties did not verbally discuss their discovery dispute, either in person or on the phone, before defendants' motion to compel was filed.  Though defense counsel states she left a voice mail for plaintiff's counsel on May 1, 2007, plaintiff's counsel states she did not receive this message.  Apparently, defense counsel made no further effort to reach plaintiff's counsel or determine why her voice mail message was not returned before filing the motion.  Under such circumstances, there is no sufficient showing that plaintiff's counsel thwarted the defendants' efforts at personal consultation before the pending motion to compel was filed.

IT THEREFORE HEREBY IS ORDERED: Defendants' motion to compel and for sanctions, filing 24, is denied.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge